**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**Central Division**

| | |
|---|---|
| TIFFANY M. SCHRINER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DENTONS DAVIS BROWN PC, <br><br> Defendant. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO.: _____ |

## CLASS ACTION COMPLAINT

Plaintiff Tiffany M. Schriner ("Plaintiff"), by and through her undersigned attorneys, on behalf of herself and all others similarly situated, alleges as follows:

## I.   INTRODUCTION

1.   Plaintiff brings this Class Action Complaint against Dentons Davis Brown PC ("Defendant"), for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to timely provide her and similarly situated persons with a COBRA notice.

2.   The failure to provide a timely COBRA notice misled Plaintiff and similarly situated persons and caused Plaintiff and those similarly situated economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

3.   Defendant is the plan sponsor and/or plan administrator of the Davis, Brown, Koehn, Shors and Roberts, P.C. Group Medical Plan and any successor plan (the "Plan").

4.   Defendant has repeatedly violated ERISA by failing to timely provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to

continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

5.      Defendant's failures to provide any COBRA notification deprived Plaintiff and similarly situated persons the opportunity to make an informed decision about the healthcare options for themselves and their families.

6.      Plaintiff voluntarily resigned from her employment with Defendant and her last day of work was May 6, 2022. During the course of her employment, she received employer-sponsored health insurance benefits through Blue Cross Blue Shield. Although more than 30 days has passed since her separation of employment, Defendant has never provided Plaintiff a COBRA notice. Moreover, Plaintiff was never provided information explaining how to enroll in COBRA, despite the expiration of her employer-sponsored health insurance coverage.

7.      Defendant, as the sponsor and/or administrator of a group health plan, was required by 29 C.F.R. § 2590.606–4(b)(4) to provide Plaintiff and similarly situated persons written notice of the right to elect continuation coverage containing the following information:

- The name of the plan and the name, address, and telephone number of the plan's COBRA administrator;

- Identification of the qualifying event;

- Identification of the qualified beneficiaries (by name or by status);

- An explanation of the qualified beneficiaries' right to elect continuation coverage;

- The date coverage will terminate (or has terminated) if continuation coverage is not elected;

- How to elect continuation coverage;

- What will happen if continuation coverage isn't elected or is waived;

- What continuation coverage is available, for how long, and (if it is for less than 36 months), how it can be extended for disability or second qualifying events;

- How continuation coverage might terminate early;

- Premium payment requirements, including due dates and grace periods;

- A statement of the importance of keeping the plan administrator informed of the addresses of qualified beneficiaries; and

- A statement that the election notice does not fully describe COBRA or the plan and that more information is available from the plan administrator and in the SPD.

8.     Plaintiff and similarly situated persons did not receive any of the information concerning the continuation of their health benefits required by 29 C.F.R. § 2590.606–4(b)(4).

9.     According to a Congressional research service study, "[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts conclude that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Janet Kinzer, *Health Insurance Continuation Coverage Under COBRA*, Congressional Research Service (July 11, 2013).

10.     As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## II.   **JURISDICTION AND VENUE**

11.     This Court has exclusive jurisdiction over the subject matter of this action under 29 U.S.C. §1132(e) and (f) and also pursuant to 28 U.S.C. § 1331 and 1355.

12.     This Court has personal jurisdiction over Defendant because they are headquartered and transact business in this District, reside in this District, and/or have significant contacts with this District, and because ERISA provides for nationwide service of process.

13.     This District is the proper venue for this action under 29 U.S.C. § 1132(e)(2) because it is the District in which the Plan is administered, where at least one of the alleged breaches took place, and where Defendant resides.

14.     Plaintiff is a former employee of Defendant and was covered based on her health plan through Defendant. Plaintiff was thus a participant/beneficiary in the Plan before her employment terminated on May 6, 2022, which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering her a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3). Plaintiff was not terminated for gross misconduct.

## III.   **THE PARTIES**

### A.     **Plaintiff**

15.     Plaintiff Tiffany M. Schriner, a resident of Earlham, Iowa, was employed by Defendant as a paralegal in Defendant's offices in Des Moines, Iowa, from May 14, 2018 until her resignation on May 6, 2022. Plaintiff has resided at the same address at all times relevant to this case.

16.     Through her participation in the Plan, Plaintiff and her family received health insurance provided by Wellmark Blue Cross and Blue Shield of Iowa.

### B.     **Defendant**

17.     Defendant Dentons Davis Brown PC is a professional corporation that is engaged

in the practice of law. Defendant maintains its principal place of business at 215 10th Street, Suite 1300, Des Moines, Iowa 50309. Defendant is the sponsor and/or administrator of the Plan.

IV.    **FACTUAL ALLEGATIONS**

   A.    **COBRA Notice Requirements**

18.    The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

19.    Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161. (Emphasis added).

20.    Notice is of critical importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

21.    Moreover, existing case law makes it clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

22.    COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

23.    The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4(b), as follows:

   (4) The notice required by this paragraph (b) shall be written in a manner

5

calculated to be understood by the average plan participant and shall contain the following information:

(i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;

(ii) Identification of the qualifying event;

(iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii) A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii) An explanation of the maximum period for which continuation

coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

24.     To facilitate compliance with these notice obligations, the U.S. Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states

that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

25.     In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1).

26.     In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

## B.     Defendant Has Failed to Comply with COBRA

27.     In violation of 29 C.F.R. § 2590.606-4(b)(4), Defendant failed to provide Plaintiff any COBRA notice after her termination of employment on May 6, 2022, let alone one that complied with the requirements of 29 C.F.R. § 2590.606-4(b)(4).

28.     Defendant's failure to provide Plaintiff a COBRA notice resulted in her inability to make an informed decision as to electing COBRA continuation health insurance coverage.

29.     In fact, Plaintiff was unable to elect COBRA because of Defendant's failure to provide COBRA notice and, as a result, she lost her health insurance coverage.

### 1.     Plaintiff's First Concrete Injury: Informational Injury

30.     Defendant's failure to provide COBRA notice caused Plaintiff an informational injury when Defendant failed to provide her with information to which she was entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

31.     Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

32.     Defendant injured Plaintiff and the class members she seeks to represent by failing to provide all information in its notice required by COBRA.

### 2.     Plaintiff's Second Concrete Injury: Loss of Insurance Coverage

33.     In addition to her informational injury, Plaintiff also suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills, due to Defendant's failure to provide her a COBRA election notice.

34.     Besides a paycheck, health insurance is one of the most valuable things employees get in exchange for working for an employer like Defendant. Insurance coverage has a monetary value, the loss of which is tangible and an economic harm.

35.     Defendant caused Plaintiff's health insurance to be cancelled, without prior notification, effective May 31, 2022.

## V.     CLASS ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Plan who were not sent a COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage.**

37.     No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

38.     <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is

impracticable. On information and belief, hundreds of individuals participated in the Plan during the six-year period prior to the filing of this lawsuit, and at least 40 of those participants satisfy the definition of the Class.

39. <u>Typicality</u>: Plaintiff's claims are typical of the Class. Defendant failed to provide Plaintiff a COBRA notice, and therefore her claims are typical of all Class Members who did not receive a COBRA notice after a qualifying event or received a deficient COBRA notice that did not comply with the requirements of 29 C.F.R. § 2590.606-4(b)(4).

40. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

41. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

- Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

- Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

- Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

- The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

- Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

42.     Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

43.     Plaintiff intends to send notice to all Class Members to the extent required under the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records.

**CLAIM FOR RELIEF**
**Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4**

44.     Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint as if fully set forth herein.

45.     The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

46.     Defendant is the plan sponsor and/or plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

47.     Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

48.     Defendant failed to send Plaintiff and the Class a COBRA notice within the statutory time limit after the occurrence of each such qualifying event.

49.     The COBRA notice that Defendant sent, if any, violated 29 U.S.C. § 1166(a) and

29 C.F.R. § 2590.606-4.

50.     These violations were material and willful.

51.     Defendant knew that its failure to provide COBRA notice was inconsistent with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to act and/or failed to act in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

52.     Defendant's conduct, as alleged herein, resulted in concrete informational and economic harm to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant on all claims and requests that the Court awards the following relief:

A.     Designation of Plaintiff as a Class Representative and designation of Plaintiff's counsel as Class Counsel;

B.     A determination that this action may proceed as a class action under Rule 23(b)(1), or in the alternative, Fed. R. Civ. P. 23(b)(2);

C.     Ordering Defendant to issue notice to the Class at Defendant's expense;

D.     Declaring that Defendant violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 by failing to send Plaintiff and the Class a compliant COBRA notice;

E.     Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was not sent a compliant COBRA notice by Defendant;

F.     Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from any further violations of its COBRA responsibilities, obligations, and duties;

G.      Other equitable relief to redress Defendant's violations of COBRA;

H.      An award of pre-judgment interest;

I.      Awarding costs pursuant to 29 U.S.C. § 1132(g);

J.      Awarding attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

K.      Granting such other and further relief, in law or equity, as the Court deems appropriate.

Dated: June 14, 2022                    *s/ J. Barton Goplerud*
                                        J. Barton Goplerud, AT0002983
                                        Brian O. Marty, AT0011622
                                        **SHINDLER, ANDERSON, GOPLERUD &**
                                        **WEESE, P.C.**
                                        5015 Grand Ridge Drive, Suite 100
                                        West Des Moines, IA 50265
                                        Telephone: (515) 223-4567
                                        Facsimile: (515) 223-8887
                                        goplerud@sagwlaw.com
                                        marty@sagwlaw.com

                                        Eric Lechtzin (pro hac vice to be filed)
                                        **EDELSON LECHTZIN LLP**
                                        411 S. State Street, Suite N-300
                                        Newtown, PA 18940
                                        Telephone: (215) 867-2399
                                        Facsimile: (267) 685-0676
                                        elechtzin@edelson-law.com

                                        *Counsel for Plaintiff and the Proposed Class*

13